IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

RASHOD EMERY ALLEN (04)

NO. 2:23-CR-011-Z (04)

## FACTUAL RESUME

In support of Rashod Emery Allen's plea of guilty to the offense in Count One of the Superseding Information, Allen, the defendant, Len Walker, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(iii)(2), that is, Possession with Intent to Distribute Tramadol, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact tramadol; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

## STIPULATED FACTS

1.    On or about February 6, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, Rashod Emery Allen, defendant, did knowingly and

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).



Factual Resume—Page 1

intentionally possess with intent to distribute a mixture or substance containing a detectable amount of tramadol, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(iii)(2).

2. On February 6, 2023, Amarillo Police Department (APD) officers and Drug Enforcement Administration (DEA) agents executed a search warrant at a residence located at 3515 South Mirror, Amarillo, Texas. Officers located several individuals, including Rashod Emery Allen, inside the residence during the search. During a search of the residence, officers located a grey backpack on a love seat. Officers located a clear knotted baggie containing blue M-30 pills inside the backpack. Based on their training and experience, the officers believed that the M-30 pills contained fentanyl. A field test was conducted on the pills, which yielded a positive test for the presence of fentanyl.

3. DEA agents conducted an interview with Allen. An agent read Allen his *Miranda* warnings. Allen waived his rights and agreed to make a statement. Allen was shown the grey backpack. Allen admitted that he owned the grey backpack. Agents seized a phone belonging to Allen.

4. Agents obtained a search warrant for Allen's phone. During a search of Allen's phone, agents located text messages where Allen communicated with his customers and negotiated the sale of fentanyl pills.

5. The suspected fentanyl was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, tramadol, a Schedule IV controlled substance. The substance had a total net weight of 108.777 grams. This amount of tramadol is consistent with distribution, as opposed to personal use.

6.    Allen admits that he knowingly possessed with intent to distribute a controlled substance, namely tramadol, a Schedule IV controlled substance.

7.    The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 3cd day of May, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Rashod Emery Allen
Defendant

_____
Len Walker
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov