IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL ELLIS SMITH (03)

NO. 2:23-CR-011-Z (03)

## FACTUAL RESUME

In support of Michael Ellis Smith's plea of guilty to the offense in Count One of the Superseding Information, Smith, the defendant, Ryan Turman, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact methamphetamine; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

**Michael Ellis Smith**
**Factual Resume—Page 1**

## STIPULATED FACTS

1.      On or about September 27, 2022, in the Amarillo Division of the Northern District of Texas, and elsewhere, Michael Ellis Smith, defendant, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      On September 27, 2022, Drug Enforcement Administration (DEA) and Federal Bureau of Investigation (FBI) agents utilized a confidential source (CS) in an attempt to purchase methamphetamine from Landis Charles Barrow.  Landis told the CS to meet him at his business address, located at 1219 SW 3rd Street, Amarillo, Texas.  The CS traveled to the location and met with Landis inside Landis' vehicle.  The CS told Landis that the CS had $1,270 to purchase methamphetamine.  The CS owed money to Landis' brother, Michael Ellis Smith, for a prior drug transaction.  Landis told the CS to go Tulia and meet with Smith so the CS could pay the debt and Smith could sell additional methamphetamine to the CS.

3.      The CS left Landis' vehicle and made contact with Smith via Facebook messenger.  The CS asked Smith for more methamphetamine, stating, "I need some more work." "Work" is a common slang word used for methamphetamine.  Smith answered back, "K. K. I got u."

4.      Smith directed the CS to his residence at 31 Houston Road, Tulia, Texas. Smith had four ounces of methamphetamine weighed out for the CS to purchase.  The CS

paid Smith $1,270 for 111 gross grams of methamphetamine. The CS left Smith's residence, met with a DEA agent and provided the methamphetamine to the DEA agent.

5.     The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 110.656 grams and a purity level of approximately 100 percent.

6.     Smith admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

7.     The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 15th day of June, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Michael Ellis Smith
Defendant

_____
Ryan Turman
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

Michael Ellis Smith
Factual Resume—Page 3