IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

LANDIS CHARLES BARROW (01)
  a/k/a "Bro" and "Twin"

NO. 2:23-CR-011-Z-BR(01)

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
<u>MOTION FOR ORDER TO SHOW CAUSE</u>**

The United States of America (the government) files this response to Landis

Barrow's Motion for Order to Show Cause (Dkt. 180).  The government offers the

following for the Court's consideration.

Barrow asks the United States Marshals Service (USMS) to show cause as to why

he is in administrative segregation at the Randall County Detention Center (RCDC) and

why he has been denied access to the RCDC law library.  (*See* Dkt. 180 at 1.)  Barrow's

administrative segregation is not atypical and does not impose a significant hardship.

Further, currently available information indicates that Barrow has access to the law

library in accordance with RCDC's generally applicable policies and practices.

"'[A]bsent extraordinary circumstances, administrative segregation as such, being

an incident to the ordinary life of a prisoner, will never be a ground for a constitutional

claim' because it 'simply does not constitute a deprivation of a constitutionally

cognizable liberty interest.'"  *Welsh v. Lubbock County*, 70 F.4th 869, 870 (5th Cir. 2023)

(quoting *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996)).  "'Prison officials

should be accorded the widest possible deference' in classifying prisoners' custodial

status as necessary 'to maintain security and preserve internal order.'" *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990)). "[S]egregated confinement is not grounds for a due process claim unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Herndandez*, 522 F.3d at 562 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Counsel for the government has conferred with the USMS for the Amarillo Division. According to their office, Barrow was placed in administrative segregation for safety concerns—not as a punitive measure. Barrow is charged with multiple codefendants. He also has many known associates at the RCDC—some of whom may be witnesses in Barrow's prosecution. These relationships create separation concerns for RCDC staff. Barrow's separation is not atypical—his list of separation concerns would require any similarly situated inmate to be kept apart from those inmates where direct contact would create security concerns.

As to Barrow's access to the law library, the USMS is unaware of any restrictions beyond those normally associated with an inmate of Barrow's classification. In other words, any restriction Barrow may face in accessing the law library is not at the direction of the USMS.

The government defers entirely to the sound discretion of the USMS and the RCDC staff in determining Barrow's housing classification. Insofar as Barrow has been prohibited from accessing the law library, the government agrees that he should have access to the law library in accordance with RCDC's current policies and practices.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY


s/ *Sean M. Long*
SEAN M. LONG
Assistant United States Attorney
Texas State Bar No. 24056734
1205 Texas Avenue, 7th Floor
Lubbock, Texas 79401
Telephone:    806-472-7351
Facsimile:    806-472-7394
E-mail:        sean.long@usdoj.gov