IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

NO. 2:23-CR-011-Z-BR(01)

LANDIS CHARLES BARROW (01)
   a/k/a "Bro" and "Twin"

## GOVERNMENT'S RESPONSE TO DEFENDANT'S <u>MOTION TO SEVER PROCEEDINGS</u>

The United States of America (the government) files this response to Landis Barrow's Motion to Sever Proceedings (Dkt. 181). Without conceding the grounds alleged in Barrow's motion, the government does not oppose Barrow's request, for the reasons stated below.

First, the delay in Barrow's prosecution due to his codefendant's pending competency evaluation does not offend Barrow's Speedy Trial rights. A codefendant's pending competency evaluation ordinarily tolls the Speedy Trial Act. *See United States v. Stephens*, 489 F.3d 647, 653 (5th Cir. 2007) (excluding from Speedy Trial Act calculations a 14-month delay necessary to determine a codefendant's competency). Thus, the government does not concede that delaying Barrow's trial pending Curtis Gardner's (Barrow's codefendant) competency determination offends Barrow's right to a speedy trial.

Further, joinder of these prosecutions does not create a serious risk to any of Barrow's specific trial rights. Joinder of codefendants involved in a drug conspiracy is proper under Federal Rule of Criminal Procedure 8(b). *See United States v. Posada-Rios*,

**G**overnment's Response to Defendant's Motion to Sever Proceedings – Page 1

158 F.3d 832, 862 (5th Cir. 1998) (citation omitted).  And "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  Accordingly, the government also does not concede that joinder of Barrow's and Gardner's prosecutions was improper or that either defendant's specific trial rights would be put at serious risk without severance.

Even so, the government does not oppose Barrow's motion to sever his prosecution from Gardner's.  On September 5, 2023, this Court entered an order scheduling Barrow's and Gardner's trial for February 26, 2024.  (*See* Dkt. 136.)  On December 13, 2023, Gardner—by and through his counsel—filed a motion to have Gardner examined for competency.  (*See* Dkt. 170.)  On January 16, 2024, this Court granted Gardner's request for a competency evaluation and vacated the trial setting and all associated pretrial deadlines as to both defendants.  (*See* Dkt. 177 and docket text.)

Because Gardner's competency evaluation is on an unclear timeline—and how the issue will be resolved is equally unclear—the government does not oppose severing Barrow's prosecution from Gardner's.

Should the Court grant Barrow's severance motion, the parties respectfully request that the Court set a trial date on or after June 24, 2024 (excluding the week of July 7-12, 2024, to avoid a prior scheduling conflict).  The government has conferred with both of Barrow's appointed attorneys and the parties believe that this amount of time is necessary

**Government's Response to Defendant's Motion to Sever Proceedings – Page 2**

for all parties to effectively prepare for trial, pursuant to 18 U.S.C. § 3161(h)(7).  Such a

setting would also allow the Court the time necessary to address other pending motions.

(*See, e.g.,* Dkt. 182 – Def's. Mot. to Appear Pro Se.)

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY


s/ *Sean M. Long*
SEAN M. LONG
Assistant United States Attorney
Texas State Bar No. 24056734
1205 Texas Avenue, 7th Floor
Lubbock, Texas 79401
Telephone:   806-472-7351
Facsimile:   806-472-7394
E-mail:       sean.long@usdoj.gov

**G**overnment's Response to Defendant's Motion to Sever Proceedings – Page 3