IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

CURTIS LEROY GARDNER (02)

NO.  2:23-CR-011-Z (02)

## FACTUAL RESUME

In support of Curtis Leroy Gardner's plea of guilty to the offense in Count One of the superseding information, Gardner, the defendant, James B. Johnston, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 4, that is, Misprision of a Felony, the government must prove each of the following elements beyond a reasonable doubt:[1]

| | |
|---|---|
| *First.* | That a federal felony was committed, namely, conspiracy to distribute and possess with intent to distribute methamphetamine; |
| *Second.* | That the defendant had knowledge of the commission of the felony; |
| *Third.* | That the defendant failed to notify an authority as soon as possible. An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury, Secret Service, or FBI agent; and |
| *Fourth.* | That the defendant did an affirmative act, as charged, to conceal the crime. |

---

[1] Fifth Circuit Pattern Jury Instruction 2.06 (5th Cir. 2019).

Curtis Leroy Gardner
Factual Resume—Page 1

## STIPULATED FACTS

1.      Beginning on a date unknown and continuing until on or about February 6, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, Curtis Leroy Gardner, defendant, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: conspiracy to distribute and possess with intent to distribute methamphetamine, a violation of 21 U.S.C. § 846, did conceal the same by making misleading statements to a law enforcement officer during the course of their investigation of the commission of the felony, and did not as soon as possible make known the felony to some judge or other person in civil or military authority under the United States, in violation of 18 U.S.C. § 4.

2.      On September 27, 2022, Drug Enforcement Administration (DEA) and Federal Bureau of Investigation (FBI) agents used a confidential source (CS) in an attempt to purchase methamphetamine from Landis Charles Barrow.  Barrow told the CS to meet Barrow at his business address, located at 1219 SW 3rd Street, Amarillo, Texas. The CS traveled to the location and met with Barrow inside Barrow's vehicle.  Curtis Leroy Gardner was a passenger inside Barrow's vehicle.  The CS told Barrow that the CS had $1,270 to purchase methamphetamine.  The CS owed money to Barrow's brother, Michael Ellis Smith, for a prior drug transaction.  Barrow told the CS to go Tulia and meet with Smith so the CS could pay the debt and Smith could sell additional methamphetamine to the CS.  Gardner was present for, and heard, the entire conversation between Barrow and the CS.

3.     The CS left Barrow's vehicle and made contact with Smith via Facebook messenger. The CS asked Smith for more methamphetamine, stating, "I need some more work." "Work" is a common slang word used for methamphetamine. Smith answered back, "K. K. I got u."

4.     Smith directed the CS to his residence at 31 Houston Road, Tulia, Texas. Smith had four ounces of methamphetamine weighed out for the CS to purchase. The CS paid Smith $1,270 for 111 gross grams of methamphetamine. The CS left Smith's residence, met with a DEA agent, and provided the methamphetamine to the DEA agent.

5.     The suspected methamphetamine sold to the CS on September 27, 2022, was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 110.656 grams and a purity level of approximately 100 percent.

6.     On October 20, 2022, DEA and FBI agents used a confidential source (CS) in another attempt to purchase methamphetamine from Landis Barrow. On that day, Barrow directed the CS to meet Gardner at an apartment complex near Barrow's Mirror Street residence in Amarillo. Gardner met with the CS at the apartment complex and provided the CS with methamphetamine on Barrow's behalf. The CS later met with agents and provided them with the suspected methamphetamine.

7.     The suspected methamphetamine sold to the CS on October 20, 2022, was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The

Curtis Leroy Gardner
Factual Resume—Page 3

substance had a total net weight of 112.1 grams and a purity level of approximately 99 percent.

8. On December 1, 2022, DEA and FBI agents executed a search warrant at 3515 S. Mirror Street, Amarillo, Texas. During a search of the residence, officers located numerous gallon-sized baggies that contained methamphetamine residue. Officers also located a baggie containing cocaine residue.

9. On that day, DEA Special Agent (SA) Brown conducted an interview with Gardner. SA Brown read Gardner his *Miranda* warnings. Gardner waived his rights and agreed to speak with SA Brown. Gardner admitted to living at the Mirror Street residence. He stated that Barrow was buying the residence.

10. While speaking to SA Brown, Gardner made misleading statements about Barrow's commission of a felony, that is, conspiracy to distribute and possess with intent to distribute methamphetamine, to conceal the crime. Gardner told SA Brown that he did not know anything about drugs in the Mirror Street residence and that he did not touch or distribute drugs when, in truth and in fact, Gardner knew that methamphetamine had been stored inside the residence, he had distributed methamphetamine on Barrow's behalf, and that Barrow was distributing methamphetamine.

11. Beginning on or about a date unknown and continuing until on or about February 6, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, Landis Charles Barrow, and persons unknown did knowingly and intentionally combine, conspire, confederate, and agree with each other and others to commit an offense against the United States, that is, to knowingly and intentionally

**Curtis Leroy Gardner**
**Factual Resume—Page 4**

distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), all in violation of Title 21, United States Code, Section 846. Gardner had knowledge of Barrow's commission of this felony, did an affirmative act to conceal the crime, and failed to notify an authority as soon as possible.

12.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the superseding information.

AGREED TO AND STIPULATED on this 30th day of _____May_____, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Curtis Leroy Gardner
Defendant

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov

_____
James B. Johnston
Attorney for Defendant

Curtis Leroy Gardner
Factual Resume—Page 5